IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA RAMIREZ, an individual,

    Plaintiff,

v.

AVALONBAY COMMUNITIES, INC., and DOES 1-5, inclusive,

    Defendant.

No. C 14-04211 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

## INTRODUCTION

In this employment-discrimination action, plaintiff moves to voluntarily dismiss her complaint without prejudice on the basis that she wishes to add new parties that would destroy complete diversity. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

Plaintiff Sandra Ramirez worked as a leasing agent for defendant AvalonBay Communities, Inc. In August 2014, Ramirez commenced this action in state court against AvalonBay. The action was removed to federal court on the basis of diversity jurisdiction, because plaintiff is a citizen of California, and defendant is incorporated in Maryland and has its principal place of business in Virginia.

The operative scheduling order herein set the deadline to seek leave to join additional parties as January 30, 2015. Discovery has closed and the deadline for filing a motion for summary judgment is August 13. Ramirez filed this motion on June 4, seeking voluntary

1  dismissal without prejudice because she wished to join two new defendants, James Speltz and
2  Grace Naylor (Ramirez's supervisors at AvalonBay), to assert claims based what she claimed
3  were newly-discovered facts.  Ramirez was concerned that if she sought leave to join Speltz and
4  Naylor past the deadline, such motion might be denied, after which point the statute of
5  limitations on her claims against them would have run.  On the other hand, Ramirez noted that if
6  she was permitted to join Speltz and Naylor, the action would be remanded to state court, as
7  they, like herself, were California residents, so complete diversity would be destroyed.

On June 5, Ramirez commenced an action against Speltz and Naylor in state court. Ramirez asserted that Speltz had harassed her based on her sexual orientation and her disability in the form of fabricated customer-service complaints and that Naylor disregarded her complaints about Speltz and ultimately recommended Ramirez's termination (Def.'s Request for Judicial Notice, Exh. 1).

Ramirez now moves to voluntarily dismiss her complaint without prejudice under Rule 41(a)(2). AvalonBay opposes this motion. This order follows full briefing and oral argument.

## ANALYSIS

Rule 41(a)(2) provides that after the opposing party files an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A motion for voluntary dismissal should be denied if it is based on impermissible forum-shopping, which may be shown if the plaintiff's justification for the motion is baseless. *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). AvalonBay argues that Ramirez's justification for her motion is based on false premises and that it would be prejudiced if Ramirez is allowed to dismiss this action, only to join all parties herein in the state-court action against Speltz and Naylor.

Ramirez claims her motion is justified because new facts arose that led her to seek to add new parties after the court's deadline, and has already filed claims against Speltz and Naylor in state court. This argument fails. Ramirez argues that it was not until she reviewed Speltz's allegedly fabricated customer-service complaints, produced in discovery, that Speltz had discussed with her that she discovered that Naylor may have approved of and participated in

1 Speltz's conduct (Pl.'s Reply at 2–3).  Ramirez cannot, however, overcome the fact that she filed
2 a complaint against Speltz with the Department of Fair Employment and Housing about the same
3 alleged harassment and noted her belief that Naylor had disregarded her complaints (Def.'s
4 Request for Judicial Notice, Exh. 2).  It is simply implausible that nearly a year into this
5 litigation Ramirez would have only now realized that she had a claim against Speltz and Naylor,
6 and Ramirez cannot be permitted to use a belated state court proceeding to circumvent the
7 deadline for joining new parties or to avoid the federal forum.

8 "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless
9 a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,
10 263 F.3d 972, 975 (9th Cir. 2001).  AvalonBay argues that it would be prejudiced if Ramirez's
11 motion were to be granted.  For example, AvalonBay argues that it could face greater liability if
12 it is joined in the state-court action, as it could be held "vicariously liable" for Speltz's and
13 Naylor's conduct.  Further, Ramirez's extensive delay in pursuing her claims against Speltz and
14 Naylor has caused AvalonBay to incur expenses that would be futile if it were brought back into
15 state court.  Specifically, AvalonBay has incurred fees for time spent preparing its removal
16 petition, attending the case management conference, preparing its initial disclosures, and filing a
17 Rule 26(f) report.  Additionally, AvalonBay could be forced to make duplicate expenditures in
18 state court, if, for example, it is required to participate in alternative dispute resolution even
19 though it has already participated in mediation herein, and may need to attend a new deposition
20 of Ramirez conducted by Speltz and Naylor.

21 Ramirez's only argument that AvalonBay has not been prejudiced is that because
22 AvalonBay's defense counsel will likely also defend Speltz and Naylor, certain discovery
23 materials.  That argument is insufficient to overcome the prejudice that AvalonBay has
24 established and the lack of good cause for Ramirez's motion.

25 Lastly, Ramirez argues that this is an "exceptional" circumstance that justifies the
26 exercise of *Colorado River* abstention.  In *Colorado River Water Conservation District v. United*
27 *States*, 424 U.S. 800, 817–19 (1976), the Supreme Court found that in light of the "virtually
28 unflagging obligation of the federal courts to exercise the jurisdiction given them," a federal

3

court should only dismiss a matter on the basis of a parallel proceeding in state court based on the "clearest of justifications." *Colorado River* and subsequent decisions lay out the following factors, that, although not exclusive, are relevant to whether it is appropriate to stay proceedings: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Railroad Street & Co Inc. v. Transport Insurance Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). The factors are applied "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

Factors 4 and 7 heavily favor the exercise of jurisdiction, as this case precedes the parallel state court proceeding, and to grant Ramirez's motion would plainly encourage plaintiffs to belatedly file separate claims against non-necessary parties in a different forum as an escape hatch from a federal forum. Ramirez argues that state court is more convenient as both she and her counsel are located 25 miles outside of San Francisco, but that is not so inconvenient to sway the Court.

It is true that factors 3, 5, 6, and 8 do favor abstention, because Ramirez's claims are based on state law, and she would be able to join the defendants herein in that case. Factor 1 does not apply as there is no property involved in this case.

Nevertheless, this order finds that this Ramirez's dilemma resulting from her own lack of diligence is not an exceptional circumstance warranting abstention under *Colorado River*.

4

**CONCLUSION**

For the reasons stated above, Ramirez's motion to voluntarily dismiss her complaint is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5